Filed 8/23/16  P. v. Padilla CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262576 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA134826) |
| v. | |
| URIEL TAPIA PADILLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Charges*

During a warrantless search of Uriel Tapia Padilla's residence on October 25, 2013, police found two scales and $14,649 in a bedroom.  The police also found approximately two kilograms of cocaine inside a locked shed in the back yard.

On October 20, 2014 the People charged Padilla with one count of possession for sale of cocaine in violation of Health and Safety Code section 11351.  The People also alleged weight and probation ineligibility enhancements under Health and Safety Code section 11370.4, subdivision (a)(1), and Penal Code section 1203.073, subdivision (b)(1). Padilla pleaded not guilty.

On November 19, 2014 the trial court denied Padilla's motion seeking the production of personnel and administrative records of 12 officers regarding allegations of dishonesty or fabrication of evidence.  (See Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)  Counsel for Padilla has argued that the discovery was necessary because the police reports failed to identity the officers directly involved in the search.

On January 8, 2015 Padilla filed a motion under Penal Code section 1538.5 to suppress the evidence seized from his residence and the shed as the product of a warrantless, nonconsensual search.

B.    *The Suppression Hearing*

According to the evidence at the hearing on Padilla's motion to suppress, on the evening of October 25, 2013 South Gate Police Officer Rafael Vega was dispatched to a residence in response to a reported home invasion robbery.[1]  When Vega arrived, officers

---

[1]    Home invasion robbery is "robbery in concert in a home."  (*People v. Jones* (2012) 54 Cal.4th 350, 367 (conc. opn. of Werdegar, J.); see Pen. Code, § 213, subd. (a)(1)(A).)

already were already gathered in the front yard. Officer Vega approached Padilla and asked what had occurred. Padilla wanted the police to interview him inside his residence, and he led Vega into the living room. During the interview, Officer Vega asked Padilla for his consent to search the residence. Officer Vega did not specifically ask to search the shed, which was in the back yard. Padilla orally consented to the search. Padilla told Officer Vega there were no weapons, large amounts of currency, or narcotics inside the house. Another officer subsequently asked Officer Vega in Padilla's presence if Padilla had consented to the search. Padilla responded by raising his outstretched arm shoulder height with his palm up and fingers extended in the direction of the bedrooms behind him. The officers understood the gesture as consenting to the search of the bedrooms.

On cross-examination, Officer Vega testified he was wearing an audio recording device, which he activated after entering the residence. Officer Vega acknowledged that the device did not record his request for permission to search the house or Padilla's consent to the search.

Officer Antonio Mendez testified that, during the investigation of the home invasion robbery, he asked Padilla for permission to search the back yard and the shed. Padilla consented to the search and also gave Officer Mendez permission to pick the lock on the shed. On cross-examination, Officer Mendez acknowledged that the audio recording device he was using that night did not record Padilla's consent to search the back yard and the shed.

Padilla did not testify at the suppression hearing. Claudia Osuna, an attorney, and Alma Flores, Padilla's wife, testified they were at the residence at the time of the search. Osuna, however, arrived after the search had begun, and the police prevented her from entering the residence. Flores was separated from her husband shortly after the police arrived and did not overhear any conversations between Padilla and the officers regarding the search or Padilla's consent.

Following the testimony, counsel for Padilla sought to introduce a compact disc (CD) of an hour-and-a-half audio recording made by Officer Mendez's recording device. Counsel wanted to play the CD in court. Asked for an offer of proof, counsel explained

3

that the CD would show that the recording was clear and of good quality to rebut any testimony or argument to the contrary. After confirming with counsel for Padilla that nothing on the CD related to Padilla's consent to the search, the court excluded the evidence as irrelevant and cumulative. The court explained there was no dispute that Officers Vega and Mendez had failed to record Padilla's consent to search. The trial court denied the motion to suppress on the ground that the search of the residence and the shed was consensual.

### C.    *Change in Plea and Sentencing*

On January 30, 2015 the court heard and denied Padilla's motion to dismiss under Penal Code section 995. Padilla then agreed to waive his right to a jury trial and to enter a negotiated plea of no contest, orally and in writing, to possession of cocaine for sale as charged. As part of the negotiated plea, the court would release Padilla on his own recognizance until March 3, 2015, the date of sentencing. If Padilla returned for sentencing, the court would sentence him to the negotiated four-year term and dismiss the three-year enhancement under Health and Safety Code section 11370.4, subdivision (a)(1). If Padilla did not appear for sentencing, however, the trial court would sentence him to an aggregate state prison term of seven years. (See *People v. Masloski* (2001) 25 Cal.4th 1212, 1214 ["a plea agreement may provide for an increased sentence in the event the defendant fails to appear for sentencing"].)

At the time Padilla entered his plea, the court advised him of his constitutional rights and the nature and consequences of the plea, which Padilla stated he understood. Counsel joined in the waivers of Padilla's constitutional rights and stipulated to a factual basis for the plea. The trial court found that Padilla's waiver and plea were voluntary, knowing, and intelligent.

On March 3, 2015 Padilla appeared for sentencing. The trial court heard and denied his motion for reconsideration of the court's order denying the motion to suppress. Pursuant to the negotiated agreement, the trial court sentenced Padilla to four years in county jail for possession of cocaine for sale. The court awarded Padilla four days

4

presentence custody credit and imposed statutory fines, fees and assessments. Padilla filed a timely notice of appeal, challenging the denial of his suppression motion.

## DISCUSSION

We appointed counsel to represent Padilla on appeal. After examining the record, counsel filed an opening brief raising no issues. On April 18, 2016 we advised Padilla he had 30 days to submit any arguments or raise any issues he wanted us to consider. We have not received a response.

After reviewing the transcript of the hearing and deferring to the trial court's factual findings, we conclude the court properly denied the suppression motion. (See *People v. Tully* (2012) 54 Cal.4th 952, 979 ["'[i]n reviewing a suppression ruling, "we defer to the superior court's express and implied factual findings if they are supported by substantial evidence, [but] we exercise our independent judgment in determining the legality of a search on the facts so found"'"]; *People v. Rossetti* (2014) 230 Cal.App.4th 1070, 1074 ["'while we ultimately exercise our independent judgment to determine the constitutional propriety of a search or seizure, we do so within the context of historical facts determined by the trial court'"].) Officers Vega and Mendez testified that Padilla orally consented to the search of his residence (Vega) and his back yard and shed (Mendez). Although the officers admitted that they did not record Padilla's consent, they testified that he did give consent, and the trial court believed their testimony. (See *People v. Tully*, *supra*, 54 Cal.4th at p. 979 [at a suppression hearing, "'[a]s the finder of fact . . . the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable'"].) There was no evidence that Padilla did not freely and voluntarily consent to the search.

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

GARNETT, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.